## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **COMBINED INSURANCE COMPANY OF AMERICA,** | ) ) |
| **Plaintiff,** | ) ) |
| **vs.** | ) ) |
| | ) **Case No.** |
| **KELLY LANGDON, F/K/A KELLY COMBS, MILES COMBS, J.C, a minor, LUCAS GOSS, KOURTNEY GOSS, and GARNAND FUNERAL HOME, INC.,** | ) ) ) ) |
| **Defendants.** | ) ) |

## COMPLAINT IN INTERPLEADER

Plaintiff/Stakeholder Combined Insurance Company of America ("Combined"), for its Complaint in Interpleader pursuant to 28 U.S.C. § 1335 and Rule 22 of the Federal Rules of Civil Procedure against Defendants/Claimants Kelly Langdon, f/k/a Kelly Combs, Miles Combs, J.C., a minor, Lucas Goss, Kourtney Goss, and Garnand Funeral Home, Inc. (collectively "Defendants"), states as follows:

## Parties, Jurisdiction, and Venue

1.      Combined is an Illinois corporation duly authorized to do business in the State of Kansas.  Combined's state of incorporation and principal place of business is Illinois and, therefore, Combined is a citizen of Illinois.

2.      Upon information and belief, Defendant Kelly Langdon f/k/a Kelly Combs resides in Garden City, Kansas, and is therefore a citizen of the State of Kansas.

3.      Upon information and belief, Defendant Miles Combs resides in Garden City, Kansas, and is therefore a citizen of the State of Kansas.

4.      Upon information and belief, Defendant J.C. resides in Garden City, Kansas, and

is therefore a citizen of the State of Kansas.

5.      Upon information and belief, Defendant Lucas Goss resides in Garden City, Kansas, and is therefore a citizen of the State of Kansas.

6.      Upon information and belief, Defendant Kourtney Goss resides in Independence, Missouri, and is therefore a citizen of the State of Missouri.

7.      Upon information and belief, Defendant Garnand Funeral Home, Inc. ("Garnand") is a Kansas corporation with its principal place of business in Garden City, Kansas. Therefore, Garnand is a citizen of the State of Kansas.

8.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1335 in that at least two of the Defendants are citizens of different states and the amount Combined seeks to deposit with the court exceeds $500.00.

9.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and Rule 22 of the Federal Rules of Civil Procedure in that Combined is diverse from each defendant and the amount in controversy/amount Combined seeks to deposit with the Court exceeds $75,000.00.

10.     Venue is proper in the District of Kansas pursuant to 28 U.S.C. § 1391 and 1397 in that at least one of the Defendants/Claimants reside within this district.

## Action in Interpleader

11.     Combined issued two whole life insurance policies to Wayne A. Combs ("Insured").

12.     Combined issued the first whole life insurance policy, policy number 7FJ94129, which provided $70,000.00 in life insurance coverage (as well as an additional benefit for accidental death, which is not relevant here) on March 5, 2007 (the "2007 Policy").  A true and accurate copy of the relevant portions of the 2007 Policy is attached as **Exhibit A.**

13.     Combined issued the second whole life insurance policy, policy number 7FP91844, which provided $50,000.00 in life insurance coverage (as well as additional benefits for accidental death, and coverage for the Insured's children, none of which is relevant here) on January 5, 2010 (the "2010 Policy").   A true and accurate copy of the relevant portions of the 2010 Policy is attached as **Exhibit B.**

14.     In his application for the 2007 Policy, the Insured designated his then spouse, Kelly Combs (now known as Kelly Langdon), as the primary beneficiary.  The Insured did not name a contingent beneficiary.  A true and accurate copy of the application for the 2007 Policy is attached as **Exhibit C.**

15.     In the 2010 Policy, the Insured again designated Kelly Combs as the primary beneficiary.  The Insured designated his son, Miles Combs, as the contingent beneficiary.  A true and accurate copy of the application for the 2010 Policy is attached as **Exhibit D.**

16.     Although the Insured requested change of beneficiary forms from Combined in 2016 and 2022, the Insured never returned these forms to designate new beneficiaries for the 2007 Policy or the 2010 Policy (collectively "the Policies"),

17.     Upon information and belief, the Insured and Kelly Combs divorced in 2016.  On or about March 18, 2016, a decree of divorce was entered in the District Court of Finney County, Kansas, case number 13-DM-414.  A copy of the decree of divorce is attached as **Exhibit E.**

18.     Upon information and belief, the Finney County District Court entered an order in the divorce proceedings changing Kelly Combs' surname back to her former surname "Langdon."

19.     Upon information and belief, on February 22, 2017, the Finney County District Court entered a memorandum decision in the divorce proceedings addressing how to distribute the Insured and Kelly Langdon's assets in the divorce.  A copy of the Memorandum Decision is

3

attached as **Exhibit F.**

20.     Upon information and belief, the Insured never remarried after he and Kelly Langdon divorced.

21.     Upon information and belief, the Insured died of natural causes on November 16, 2023.  A copy of the Certificate of Death is attached as **Exhibit G.**

22.     Upon the Insured's death, life benefits in the total amount $120,000.00 became payable to the proper beneficiaries or heirs under the Policies.

23.     Upon information and belief, the Insured was survived by his ex-spouse Kelly Langdon, his mother Arlene Rupp Rowley, his stepmother Beverly Combs, his biological children Miles Combs and J.C., his spouse's children from a prior marriage Lucas Goss and Kourtney Goss, and other extended family.

24.     Upon information and belief, the Insured's heirs include his biological children Miles Combs and J.C.

25.     Combined has no information regarding whether the Insured ever adopted Lucas Goss or Kourtney Goss, and whether they qualify as the Insured's "Children" under K.S.A. § 59-501(a).

26.     Upon information and belief, Defendant Garnand Funeral Home provided funeral services for the Insured in the amount of $24,800.95.  Garnand submitted a claim to Combined for the funeral expenses, and that claim was assigned Claim Number 29037017.

27.     On July 1, 2019, K.S.A. § 59-105 ("Revocation of spousal inheritance rights upon divorce") went into effect.  That statute provides, in relevant part:

(b) On and after July 1, 2019, except as provided by the express terms of a governing instrument, a court order or contract relating to the division of the marital estate made between the divorced individuals before or after the marriage, divorce or annulment, the divorce or annulment of a marriage:

(1) Revokes any revocable:

    (A) Disposition or appointment of property made by a divorced individual to such individual's former spouse in a governing instrument . . .

28.    K.S.A. § 59-105 further provides the following relevant definitions:

(4) "Governing instrument" means a document executed by the divorced individual before the divorce or annulment of such individual's marriage to such individual's former spouse.

…

(6) "Revocable," with respect to a disposition, appointment, provision or nomination, means one under which the divorced individual, at the time of the divorce or annulment, was alone empowered, by law or under the governing instrument, to cancel the designation in favor of such individual's former spouse or former spouse's relative, whether or not the divorced individual was then empowered to designate such individual's self in place of such individual's former spouse or in place of such individual's former spouse's relative and whether or not the divorced individual then had the capacity to exercise the power.

29.    The potential application of K.S.A. § 59-105 creates uncertainty for Combined as to whether Kelly Langdon, as the primary beneficiary, retained any rights to the proceeds under the Policies.

30.    With respect to the 2007 Policy, Kelly Langdon and Miles Combs may have competing and adverse claims/potential claims to the proceeds payable under that policy.

31.    With respect to the 2010 Policy, Kelly Langdon and the Insured's heirs or estate may have competing and adverse claims/potential claims to the proceeds payable under that policy.

32.    Upon information and belief, an estate has not been opened for the Insured, and the time for opening such an estate has passed.

33.    Upon information and belief, the Insured's heirs include his natural children, Miles Combs and J.C.  Upon information and belief, J.C. is a minor.

34.     Upon information and belief, the Insured's heir may include Lucas Goss and/or Kourtney Goss.

35.     Additionally, Garnand Home Funeral, Inc. may also have an adverse and competing claim to the Policies' proceeds.

36.     The claims and potential claims by Defendants are adverse and competing.

37.     Combined has no interest in the proceeds payable under the Policies and is merely an innocent stakeholder wishing to discharge its obligations under the Policies and deliver the proceeds of the Policies to the party or parties entitled to receive them.

38.     Combined files this Complaint in Interpleader of its own free will to avoid multiple liability, multiple litigation, or both.

39.     Combined is ready, willing, and able to pay the proceeds of the Policies to the party or parties entitled to receive them.  Accordingly, Combined unconditionally tenders and offers to deposit with the Court, or as this Court otherwise directs, the proceeds of the Policies, plus any applicable interest.

40.     Until this Court rules on the issue of the manner in which the proceeds of the Policies should be distributed, Combined cannot safely determine the proper recipient of the proceeds without risking exposure to double, multiple, or inconsistent liabilities.

41.     Combined is a disinterested stakeholder and is entitled to recover its costs and reasonable attorney fees incurred in bringing this instant action.

WHEREFORE, Combined prays for a judgment:

a.      Permitting Combined to deposit the benefits payable under the Policies, plus any applicable interest, into the Registry of this Court, or as this Court otherwise directs, in full and final satisfaction of Combined's obligations under the Policies, to be subject to the Order of this

Court and to be paid out as the Court shall direct;

b.      Restraining each of the Defendants by Order and Injunction of this Court from instituting any action against Combined for recovery of the proceeds of the Policies payable by reason of the death of the Insured;

c.      Requiring each of the Defendants to answer this Complaint in Interpleader and litigate their claims among themselves for the subject proceeds in this action;

d.      Discharging Combined from any further liability upon payment of the aforementioned proceeds into the Registry of this Court, or as otherwise directed by the Court;

e.      Awarding Combined its costs and attorney fees incurred in connection with bringing this action and ordering that such costs and attorney fees be paid out of the proceeds of the Policy prior to distribution to the party or parties adjudged to be entitled to the proceeds; and

f.      Awarding Combined such other and further relief as this Court deems just, equitable, and proper.

Respectfully submitted,

ARMSTRONG TEASDALE LLP


By: */s/Skyler D. Davenport*
    Clark H. Cole          #78821
    7700 Forsyth Blvd., Suite 1800
    St. Louis, MO 63105-1847
    Telephone: (314) 342-8037
    Fax: (314) 612-2236
    E-mail: ccole@armstrongteasdale.com

    Skyler D. Davenport     #28784
    2345 Grand Boulevard, Suite 1500
    Kansas City, MO  64108
    Telephone: (816) 221-3420
    Fax: (816) 221-0786
    E-mail: sdavenport@atllp.com

    *Attorneys for Plaintiff Combined Insurance*
    *Company of America*